IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PINK FLOYD (1987) LIMITED,<br><br>        Plaintiff,<br><br>v.<br><br>THE OWNER AND/OR OPERATOR OF PINKFLOYDMERCH.COM<br><br>        Defendant. | Case No. 24-cv-04711<br><br>**Judge Matthew F. Kennelly** |

**EX PARTE TEMPORARY RESTRAINING ORDER**

Plaintiff PINK FLOYD (1987) LIMITED ("PFL" or "Plaintiff") filed an *Ex Parte* Motion for Entry of a Temporary Restraining Order, including a Temporary Injunction, a Temporary Transfer of the Domain Name, a Temporary Asset Restraint, Expedited Discovery, and Service of Process by Email and/or Electronic Publication (the "Motion") against the fully interactive, e-commerce store operating under the seller alias identified as PINKFLOYDMERCH.COM (the "Defendant Internet Store") and using at least the domain name identified as pinkfloydmerch.com (the "Defendant Domain Name"). After reviewing the Motion and the accompanying record, this Court GRANTS PFL's Motion as follows.

This Court finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendant because Defendant directly targets its business activities toward consumers in the United States, including Illinois. Specifically, PFL has provided a basis to conclude that Defendant has targeted sales to Illinois residents by setting up and operating an e-commerce store that targets United States consumers using one or more seller aliases, offers shipping to the United States, including Illinois, and has sold products using infringing and counterfeit versions of PFL's federally registered trademarks, which are covered by U.S. Trademark Registration Nos.

1

2,194,702; 3,247,700; 4,236,037; 5,521,572; 6,514,317; 5,435,348; 6,784,353; and 6,862,397 (the "PINK FLOYD Trademarks") to residents of Illinois. In this case, PFL has presented screenshot evidence that the Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can purchase products using counterfeit versions of the PINK FLOYD Trademarks. *See* Docket No. [15-3], which includes screenshot evidence confirming that the Defendant internet store does stand ready, willing and able to ship its counterfeit goods to customers in Illinois bearing infringing and/or counterfeit versions of the PINK FLOYD Trademarks. This Court also finds that issuing this Order without notice pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure is appropriate because PFL has presented specific facts in the Declaration of Thomas Schlegel in support of the Motion and accompanying evidence clearly showing that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition. Specifically, in the absence of an *ex parte* Order, Defendant could and likely would move any assets from accounts in financial institutions under this Court's jurisdiction to off-shore accounts. Accordingly, this Court orders that:

1. Defendant, its officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with it be temporarily enjoined and restrained from:

    a. using the PINK FLOYD Trademarks or any reproductions, counterfeit copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine PFL product or not authorized by PFL to be sold in connection with the PINK FLOYD Trademarks;

2

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine PFL product or any other product produced by PFL, that is not PFL's or not produced under the authorization, control, or supervision of PFL and approved by PFL for sale under the PINK FLOYD Trademarks;

c. committing any acts calculated to cause consumers to believe that Defendant's products are those sold under the authorization, control, or supervision of PFL, or are sponsored by, approved by, or otherwise connected with PFL; and

d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for PFL, nor authorized by PFL to be sold or offered for sale, and which bear any of PFL's trademarks, including the PINK FLOYD Trademarks, or any reproductions, counterfeit copies, or colorable imitations.

e. discontinue the use of the PINK FLOYD Trademarks, or any confusingly similar trademarks, on or in connection with all internet websites, domain names, or businesses owned and operated, or controlled by it, including the internet website operating under the Defendant Domain Name; and

f. discontinue the use of the PINK FLOYD Trademarks, or any confusingly similar trademarks within domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any webpage), from any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms which is visible to a computer user or serves to direct computer searches internet websites registered, owned, or operated

3

      by Defendant, including the internet website operating under the Defendant Domain Name.

2. Defendant shall not transfer or dispose of any money or other of Defendant's assets in any of Defendant's financial accounts.

3. Defendant shall not transfer ownership of the Defendant Domain Name during the pendency of this action, or until further order of the Court.

4. Defendant shall preserve copies of all computer files relating to the use of the Defendant Domain Name and shall take all steps necessary to retrieve computer files relating to the use of the Defendant Domain Name that may have been deleted before the entry of this Order.

5. PFL is authorized to issue expedited written discovery to Defendant, pursuant to Federal Rules of Civil Procedure 33, 34, and 36, related to:

   a. the identities and locations of Defendant, its officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with it, including all known contact information and all associated e-mail addresses;

   b. the nature of Defendant's operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Defendant Internet Store and Defendant's financial accounts, including Defendant's sales and listing history related to its respective Defendant Internet Store and Defendant Domain Name; and

   c. any financial accounts owned or controlled by Defendant, including its officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with it, including such accounts residing with or under the control of any banks, savings

and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Inc. ("PayPal"), or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

6. The domain name registries for the Defendant Domain Name, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, and the domain name registrars, including, but not limited to, GoDaddy Operating Company LLC, Name.com, PDR LTD. d/b/a/ PublicDomainRegistry.com, and Namecheap Inc., within seven (7) calendar days of receipt of this Order or prior to the expiration of this Order, whichever date shall occur first, shall disable the Defendant Domain Name and make it inactive and untransferable until further order by this Court.

7. Upon PFL's request, any third party with actual notice of this Order who is providing services for Defendant, or in connection with Defendant's Defendant Internet Store, including, without limitation, any online marketplace platforms such as PayPal (collectively, the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to PFL expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

   a. the identity and location of Defendant, its officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with it, including all known contact information and all associated e-mail addresses;

   b. the nature of Defendant's operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Defendant Internet Store and Defendant's financial

        accounts, including Defendant's sales and listing history related to its respective Defendant Internet Store and Defendant Domain Name; and

    c. any financial accounts owned or controlled by Defendant, including its officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with it, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

8. Upon PFL's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 7, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of counterfeit and infringing goods using the PINK FLOYD Trademarks.

9. Any Third Party Providers, including PayPal, shall, within seven (7) calendar days of receipt of this Order:

    a. locate all accounts and funds connected to Defendant's seller aliases, including, but not limited to, any financial accounts connected to pinkfloydmerch.com, the e-mail addresses identified in Exhibit 2 to the Declaration of Thomas Schlegel, and any e-mail addresses provided for Defendant by third parties; and

    b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendant's assets until further order by this Court.

10. Upon PFL's request, the domain name registrars and/or privacy protection services for the Defendant Domain Name are ordered to disclose to PFL the true identity of and contact information of the registrant of the Defendant Domain Name.

11. Upon entry of this Order, Plaintiff shall provide a copy of the Order by e-mail to the registrars of record for the Defendant Domain Name. Upon receipt of the Order, the registrars of record for the Defendant Domain Name shall immediately lock the Defendant Domain Name; shall notify the registrant of record of the Order; and shall provide notice of the locking of the domain name to the registrant of record. After providing such notice to the registrars so the Defendant Domain Name may be locked, Plaintiff shall also provide notice and a copy of this order to the registrant for the Defendant Domain Name via email to the email address provided as part of the domain registration data for the Defendant Domain Name. If an email address was not provided as part of the domain registration data for the Defendant Domain Name, Plaintiff shall provide notice and a copy of this Order to the operator of the Defendant Domain Name via an onsite email address and/or online contact form provided on the Defendant Domain Name. Forty-eight (48) hours after emailing this Order to the registrars of record and the registrants, Plaintiff shall provide a copy of this Order to the registrars and registry for the Defendant Domain Name for the purposes described in Paragraph 12, below;

12. The domain name registrars for the Defendant Domain Name shall immediately assist in changing the registrars of record for the Defendant Domain Name, to a holding account with a registrar of Plaintiff's choosing (the "New Registrar"). To the extent the registrars do not assist in changing the registrars of record for the domains under their respective control within one (1) business day of receipt of this Order, the top-level domain (TLD)

registries, for the Defendant Domain Name, or their administrators, including backend registry operators or administrators, within five (5) business days of receipt of this Order, shall change, or assist in changing, the registrars of record for the Defendant Domain Name to a holding account with the New Registrar. Upon the change of the registrar of record for the Defendant Domain Name, the New Registrar will maintain access to the Defendant Domain Name in trust for the Court during the pendency of this action, or until further order of the Court. Additionally, the New Registrar shall immediately institute a temporary 302 domain name redirection which will automatically redirect any visitor to the Defendant Domain Name to a Uniform Resource Locator ("URL") designated by PFL, whereon copies of the Complaint, this Order, and all other documents on file in this action are displayed. Alternatively, the New Registrar may update the Domain Name System ("DNS") data it maintains for the Defendant Domain Name, which link the domain names to the IP address where the associated website is hosted, to NS1.MEDIATEMPLE.NET and NS2.MEDIATEMPLE.NET, which will cause the domain name to resolve to the website where copies of the Complaint, this Order, and all other documents on file in this action shall be displayed. After the New Registrar has effected this change, the Defendant Domain Name shall be placed on lock status by the New Registrar, preventing the modification or deletion of the domains by the New Registrar or Defendant.

13. This Order shall apply to the Defendant Domain Name, associated websites, and any other domain names and websites which are being used by Defendant for the purpose of counterfeiting the PINK FLOYD Trademarks at issue in this action and/or unfairly competing with Plaintiff.

14. PFL may provide notice of the proceedings in this case to Defendant, including notice of the preliminary injunction hearing, service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Complaint, this Order, and other relevant documents on a website or by sending an e-mail with a link to said website to the e-mail addresses identified in Exhibit 2 to the Declaration of Thomas Schlegel and any e-mail addresses provided for Defendant by third parties. The Clerk of the Court is directed to issue a single original summons in the name of "THE OWNER AND/OR OPERATOR OF PINKFLOYDMERCH.COM" that shall apply to Defendant. The combination of providing notice via electronic publication or e-mail, along with any notice that Defendant receives from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendant of the pendency of the action and afford it the opportunity to present its objections.

15. PFL must provide notice to Defendant of any motion for preliminary injunction as required by Rule 65(a)(1).

16. Within seven (7) calendar days of entry of this Order, PFL shall deposit with the Court One Thousand U.S. Dollars ($1,000), either cash or surety bond, as security, which amount has, in the absence of adversarial testing, been deemed adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

17. The Defendant which is subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

18. This Temporary Restraining Order without notice is entered at 9:30 A.M. on this 10th day of June 2024 and shall remain in effect for fourteen (14) calendar days.

_____
Matthew F. Kennelly
United States District Judge